IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN A. THOMPSON, | : | 1:13-cv-1802 |
| Plaintiff, | : | Hon. John E. Jones III |
| v. | : | Hon. Martin C. Carlson |
| MATT MILLER, | : | |
| Defendant. | : | |

## **MEMORANDUM**

## **July 25, 2013**

### **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 7), filed July 3, 2013, recommending that we grant *pro se* Plaintiff Shawn A. Thompson's Motion for Leave to Proceed *in forma pauperis*, (Doc. 3), but dismiss his claims brought pursuant to 42 U.S.C. §1983 for failure to state a claim upon which relief can be granted. (Doc. 7). Plaintiff filed objections to the R&R on July 22, 2013. (Doc. 8). Accordingly, this matter is ripe for our review. For the reasons set forth below, the R&R shall be adopted in its entirety.

**I.     STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). The Court's examination of this case confirms the Magistrate Judge's determinations.

**II.     FACTUAL BACKGROUND**

*Pro se* Plaintiff Shawn A. Thompson ("Plaintiff") filed this matter (Doc. 1) and a Motion for Leave to Proceed *in forma pauperis* on July 1, 2013. (Doc. 3). Previously, on June 17, 2013, Plaintiff was sentenced in state court to an aggregate term of 25-to-50 years in prison, following his conviction on murder and attempted carjacking charges. Within his pleading, Plaintiff claims that the Harrisburg Patriot News and its editor Matt Miller (collectively "Defendants"), violated

Plaintiff's civil rights by slandering him and causing him emotional distress, after the newspaper printed the headline "Restaurant Row Killer Gets 25 to 50 years." (*Id.*).[1] Plaintiff seeks various types of relief from the Defendants, including a judicial "reprimand" of the Defendants, an "apology", and to be compensated for the purported slandering of his character, which has allegedly caused him post-traumatic stress. (*Id.*, Doc. 3). Plaintiff attempts to assert federal civil rights claims against the Defendants under 42 U.S.C. §1983. For the reasons that follow, we shall adopt the Magistrate Judge's recommendation that the Plaintiff's motion for leave to proceed *in forma pauperis* be granted, (Doc. 3), however, the complaint shall be dismissed for failure to state a claim upon which relief can be granted.

## III. DISCUSSION

We are obligated to review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915A. Under §1915A, the court shall dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted". 28 U.S.C. §1915A(b)(1). The statutory text of §1915A echoes Federal Rules of Civil Procedure Rule 12(b)(6), which

---

[1] Out of an abundance of caution we will construe this complaint liberally to include both Matt Miller and the Harrisburg Patriot News as Defendants, though the point is moot as the complaint shall be dismissed.

3

states that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To bring a legally sufficient complaint, a plaintiff must show, based on factual allegations accepted to be true, that he is plausibly entitled to relief. See *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Factual allegations must be sufficient to raise the right to relief above a speculative level; conclusions, labels and a bare recitation of the elements is insufficient. *Twombly*, at 555.[2]

Plaintiff's claim fails here because he may not claim civil rights violations by a private party under 42 U.S.C. §1983. It is well established that section 1983 requires a plaintiff to show that "(1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of a federally protected right". *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Here, Plaintiff seeks to sue private parties, not actors that were acting under color of state law. The Third Circuit has previously construed the "color of state law" requirement of §1983 to foreclose federal civil rights claims against private parties, including newspapers and news staff, for publishing news. *See e.g., Antoine v. Star Ledger of New Jersey*, 409 F. App'x 492, 493 (3d Cir. 2010). Furthermore, without

---

[2]The Magistrate Judge provides a thorough discussion of the Standard of Review applied to 28 U.S.C. §1915A and Rule 12(b)(6) motion at pages 3 to 7 of his report. Thus we have only highlighted the Rule's threshold requirements herein.

properly asserting a federal claim, we shall decline to exercise any supplemental jurisdiction over what may be construed as a state law slander claim contained in Plaintiff's pleading.

Within his objections Plaintiff seeks to save his claim by asserting Defendants tortiously and intentionally inflicted emotional distress upon him. However, while Plaintiff may be upset by the newspaper's coverage of his conviction and the headline used, this court lacks jurisdiction to hear these types of common law torts without a federal claim to anchor jurisdiction in this Court. Thus, because Plaintiff has failed to state a claim upon which relief can be granted we shall dismiss this complaint without further leave to amend because we specifically find that any attempt to amend would be futile.

An appropriate Order shall issue.